

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00113-CR

Joshua Gabriel **GOFF**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-12-088
Honorable M. Rex Emerson, Judge Presiding

Opinion by:      Patricia O. Alvarez, Justice

Sitting:         Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  October 14, 2015

AFFIRMED

Appellant Joshua Gabriel Goff was indicted for burglary of a habitation, a second degree felony, alleged to have been committed on August 5, 2012. On February 28, 2013, pursuant to a plea agreement entered into between Goff and the State, the trial court deferred a finding of guilt and placed Goff on deferred adjudication probation for a period of two years. On November 2, 2013, the State filed a motion to adjudicate Goff's guilt and on March 17, 2014, the trial court adjudicated Goff's guilt. Goff was sentenced to five years confinement in the Institutional

Division of the Texas Department of Criminal Justice, suspended and probated for a period of five years.

On September 15, 2014, the State filed a motion to revoke Goff's probation for failure to comply with multiple terms of his probation. At the hearing on February 9, 2015, Goff entered pleas of not true to the following:

Condition (a): committed a new offense against the State of Texas, specifically possession of methamphetamine;

Condition (b): failed to abstain from injurious and vicious habits, specifically abusing drugs;

Condition (j): failed to pay fines, supervisory fees, and court costs;

Condition (l): failed to submit to court ordered urinalysis; and

Condition (h): failed to complete court ordered substance abuse outpatient program and counseling.

The State presented evidence from several witnesses, including the probation officer supervisor, the DPS Trooper that arrested Goff on July 4, 2014, for possession of methamphetamine, and the DPS chemist that testified the evidence submitted for testing contained 0.19 grams of methamphetamine.

In his defense, Goff testified he could not work due to illness and that he was kicked out of the drug treatment program due to suspicion of drug use. The trial court also heard testimony from Goff's mother regarding his inability to pay the fines and costs.

The trial court found each of the allegations true and sentenced Goff to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. Goff timely filed his notice of appeal.

### COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Goff's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a

motion to withdraw. In appellate counsel's brief, he recites the relevant facts with citations to the record, analyzes the record with respect to the evidence supporting the conditions the trial court found Goff to have violated, and accompanies the analysis with relevant legal authorities. Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude the brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Goff with copies of the brief and counsel's motion to withdraw, and informed Goff of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court also advised Goff of his right to request a copy of the record and file a brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). No additional briefing was filed in this court.

### CONCLUSION

Having reviewed the entire record and court-appointed counsel's *Anders* brief, we agree with Scott's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Goff wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this

court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *Id.* R. 68.3(a).  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH